26 F.3d 88
 65 Fair Empl.Prac.Cas. (BNA) 1
 Ralph JACKSON, Appellant,
v.
CITY OF LITTLE ROCK; Little Rock Police Department; Louie
Caudell, in his official and individual capacity;
Tom Dalton, City Manager in his official
capacity, Appellees.
 No. 93-2910.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 12, 1994.
Decided June 15, 1994.
 
 Darrell F. Brown, Little Rock, AR, argued, for appellant.
 William C. Mann, Little Rock, AR, argued, for appellees.
 Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 MAGILL, Circuit Judge.
 
 
 1
 Ralph Jackson appeals the district court's[1] judgment and the jury's verdict in his action under Title VII and 42 U.S.C. Sec. 1983. Jackson argues that (1) the district court should have quashed the jury panel because a black juror was stricken because of his race, (2) the evidence was insufficient to support the jury's verdict, and (3) the district court abused its discretion by failing to make an inquiry regarding a juror's note. We affirm.
 
 I. BACKGROUND
 
 2
 Because Jackson challenges the jury's verdict, we recount the evidence in the light most favorable to that verdict. Herndon v. Armontrout, 986 F.2d 1237, 1240 (8th Cir.1993). Jackson, who is black, is employed by the Police Department of the City of Little Rock. In late 1986, he requested and was granted a transfer into the Drug Abuse Resistance Education (DARE) program. The DARE program is a youth-education program in which police officers provide positive role models and teach students about the dangers of drugs and alcohol. In January 1990, Sergeant Brad Furlow reported that Jackson had misrepresented the hours worked on an overtime work sheet. One month later, Police Chief Louie Caudell issued Jackson a termination letter based on those misrepresentations (Termination One). Subsequently, the Civil Service Commission (Commission) concluded that Jackson's violation warranted a thirty-day suspension without pay but did not warrant termination.
 
 
 3
 During the Commission hearing, Jackson alleged that Officer Greg Vint, a white DARE officer, committed a similar violation. After confirming that Vint had committed a similar violation, Chief Caudell suspended Vint for thirty days without pay. Chief Caudell transferred both Vint and Jackson from the DARE program into the Patrol Division based on the nature of their offenses.
 
 
 4
 In September 1990, Jackson suffered an on-duty injury. As a result of that injury, Jackson remained off work, except for three days of light duty, for a period of eleven months. In September 1991, Chief Caudell terminated Jackson pursuant to an agreement with the Little Rock Fraternal Order of Police because the medical evidence available to Chief Caudell indicated that Jackson could not return to his duties (Termination Two). Approximately four months later, Chief Caudell reinstated Jackson after Jackson had submitted medical evidence indicating that he could return to duty.
 
 
 5
 Jackson brought suit against the City of Little Rock, the Little Rock Police Department, Chief Caudell, and Tom Dalton (hereinafter "defendants") for violations of Title VII and 42 U.S.C. Sec. 1983. The jury returned a verdict in favor of defendants. Jackson timely appealed.
 
 II. DISCUSSION
 
 6
 Jackson submits three points for reversal. Jackson argues that: (1) the district court erred when it determined that counsel's peremptory challenge against the sole prospective black juror was not based on the juror's race; (2) there was insufficient evidence to support the jury's verdict for defendants; and (3) the district court abused its discretion when it failed to inquire about a juror's note. We analyze these claims in turn.
 
 
 7
 Defendants exercised a peremptory strike against Henry Thomas, who is black. Jackson challenged the peremptory strike under Batson v. Kentucky, 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986), and Edmonson v. Leesville Concrete Co., 500 U.S. 614, 111 S.Ct. 2077, 2080, 114 L.Ed.2d 660 (1991), claiming that the peremptory strike was racially motivated and that defendants' race-neutral reason for striking Thomas was pretextual. We review a district court's rulings on a Batson claim for clear error. United States v. Brooks, 2 F.3d 838, 839 (8th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1117, 127 L.Ed.2d 427 (1994).
 
 
 8
 We conclude that the district court did not clearly err when it credited defendants' reason for striking Thomas. Defendants claimed that they excluded Thomas because he had stated that one of his sons had served time for a drug offense and another had undergone drug rehabilitation. The defendants argued that Thomas might unduly credit the testimony of Jackson, whose job as a DARE officer was to prevent youngsters from getting involved in the same problems that his sons had encountered. No other juror had any personal or family connection with a drug problem. The district court concluded that defendants' reason for striking Thomas was race neutral and was not pretextual. We conclude that the district court's determination was not clearly erroneous. See Brooks, 2 F.3d at 841.
 
 
 9
 Jackson also argues that there was insufficient evidence for the jury to return a verdict in favor of defendants. This court will overturn a jury's verdict only if the evidence is susceptible to no reasonable inferences sustaining the jury verdict. Latham Seed Co. v. Nickerson Am. Plant Breeders, Inc., 978 F.2d 1493, 1497 (8th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 3037, 125 L.Ed.2d 724 (1993). Further, this court reviews the evidence in the light most favorable to the jury's verdict and gives the prevailing party the benefit of all reasonable inferences that may be drawn from the evidence. Herndon, 986 F.2d at 1240.
 
 
 10
 Viewing the evidence in the light most favorable to defendants, we conclude that sufficient evidence supports the jury's verdict. Jackson's suit involves claims arising from two terminations that Jackson claimed were race related. With respect to Termination One, there was evidence that Chief Caudell terminated Jackson because he had misrepresented the hours worked on an overtime sheet. The Commission determined that the proper penalty for Jackson's violation was a thirty-day suspension without pay. After Chief Caudell determined that Vint, a white DARE officer, had committed the same offense as Jackson, Chief Caudell imposed the same thirty-day suspension without pay on Vint. The jury reasonably could have inferred that Chief Caudell had terminated Jackson based on the misrepresentation of hours worked and not based on Jackson's race.
 
 
 11
 With respect to Termination Two, there was evidence that Chief Caudell terminated Jackson because medical evidence indicated that Jackson was physically unable to perform his duties as a police officer. After Termination Two, Jackson submitted medical evidence that he could perform his duties. Upon receiving this evidence, Chief Caudell reinstated Jackson. The jury reasonably could have inferred that Chief Caudell terminated Jackson because he was physically unable to perform his duties and not based on Jackson's race.
 
 
 12
 Finally, Jackson argues that the district court should have conducted an evidentiary hearing regarding a juror's note that stated: "Need to talk to judge about race discrimination in jury room. Signed Harold Jackson." Whether a district court should give supplementary instructions is a matter within the district court's discretion. Victorian House, Inc. v. Fisher Camuto Corp., 769 F.2d 466, 470 (8th Cir.1985).
 
 
 13
 Upon receiving the juror's statement, the district court solicited the views of counsel on how to proceed. Counsel for Jackson stated, "I don't think that the Court could properly acquiesce to that request, and the only thing I would suggest is that the Court just simply instruct them that they are to follow the instructions that the Court has given them and try to reach a decision." Trial Tr. at 772. The district court treated the juror's statement as a request for a supplemental jury instruction and informed the jurors that they were to follow the law as given. Thereafter, the jury made no further request for instructions and returned a verdict for defendants. We conclude that the district court did not abuse its discretion. Victorian House, 769 F.2d at 470.[2]
 
 III. CONCLUSION
 
 14
 For these reasons, we affirm the district court.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas
 
 
 [2]
 After the district court had responded to the juror's note but before the jury returned its verdict, counsel for Jackson requested that the district court inquire into the basis of the juror's note to clarify its meaning. Assuming that Jackson did not waive this objection by his earlier acquiescence in the district court's action, we conclude that the district court again was within its discretion when it declined to seek a clarification of the juror's note. See Victorian House, 769 F.2d at 470 ("The necessity, extent and character of additional instructions to the jury is a matter within the trial court's discretion." (emphasis added and internal quotations omitted))